# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **JOHN MCILWAIN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NO. 13-168-CG-M** |
| | ) | |
| **MARENGO COUNTY, RICHARD** | ) | |
| **E. "BEN" BATES, in his** | ) | |
| **individual capacity, CHOCTAW** | ) | |
| **COUNTY and TOM ABATE, in his** | ) | |
| **individual capacity,** | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

This matter is before the court on the motion of defendants Choctaw County and Marengo County to dismiss (Doc. 8), the motion of defendant Tom Abate to dismiss (Doc. 10), the motion to dismiss or in the alternative for summary judgment filed by defendant Richard E. Bates (Doc. 12), plaintiff's opposition to these motions (Docs. 18, 20) and defendants' replies (Docs. 22, 23). For reasons that will be explained below, the court finds that the motions of Choctaw County, Marengo County and Tom Abate to dismiss should be granted, and that summary judgment should be granted in favor of Richard E. Bates.


## I. BACKGROUND

This case, filed on April 8, 2013, arises from the plaintiff's arrest in Choctaw County, Alabama on April 4, 2011 by Sheriff Tom Abate and plaintiff's subsequent incarceration in Marengo County, Alabama. The complaint states that after

1

processing, he was transferred to the Marengo County Jail, where he was held for four days, because the Choctaw County jail was closed and did not house any prisoners. (Doc. 1, ¶ 10). According to the complaint, the plaintiff is disabled as a result of:

> history of coronary artery disease, chronic skin infections of the lower extremities, recurrent methicillin resistant staphylococcus areus (MRSA); diabetes mellitus with neuropathy, chronic renal failure, hypertension, anemia, retinal edema, iritis, gastro-esophageal reflux disease, and irritable bowel syndrome.

(Doc. 1, ¶ 12). At the time of his incarceration, defendants were allegedly made aware that plaintiff was disabled and required consistent and continual treatment for infections and diabetes. (Doc. 1, ¶ 13). The complaint reports that defendant Abate denied plaintiff any medication beginning on or about April 5, 2011. (Doc. 1, ¶ 14). On or about that same day, plaintiff was transferred to Marengo County jail and Sheriff Abate allegedly informed Sheriff Bates of his medical condition. (Doc. 1. ¶ 15). Beginning on April 5, 2011, plaintiff alleges he and his family made numerous requests to the Marengo County jail staff, including Bates, for medication, but all requests were denied. (Doc. 1, ¶¶18, 20, 21). Plaintiff was reportedly told by Marengo County jail staff that his medication and treatment were the responsibility of Choctaw County. (Doc. 1, ¶ 19). Sheriff Abate and his staff also reportedly refused requests for medication communicated by Marengo County's representatives on behalf of plaintiff. (Doc. 1, ¶ 24). Plaintiff's condition reportedly worsened after four days with no medication and plaintiff was released and transported to an emergency room in Demopolis, Alabama. (Doc. 1, ¶ 25). As a

consequence of the denial of medication, plaintiff asserts that he experienced a compromised immune system, reduced renal capacity, the onset of osteomyelitis, and the contraction of an infection in several bones of his foot requiring surgery and a partial amputation. (Doc. 1, ¶ 26). Count One of the complaint asserts a claim against all defendants for violation of the Fourteenth Amendment for deliberate indifference as to plaintiff's medical needs. Count Two and Three assert claims against defendants Marengo and Choctaw County for violation of the Americans with Disabilities Act and violation of Section 504 of the Rehabilitation Act.

## II. MOTIONS TO DISMISS

### A. Dismissal Standard

A motion to dismiss should not be granted "unless the plaintiff can prove no set of facts which would entitle him to relief." Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir.1996) (quoting Peterson v. Atlanta Housing Authority, 998 F.2d 904, 912 (11th Cir.1993)). In making this determination, the court must "take all the allegations in the complaint as true, and view the complaint in the light most favorable to the plaintiff." Id. However, to survive a motion to dismiss, a plaintiff may not merely "label" his claims. At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) (quoting FED. R. CIV. P. 8(a)(2)). The issue is not whether the plaintiff will

3

ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." <u>Little v. City of North Miami</u>, 805 F.2d 962, 965 (11th Cir.1986).

The court must accept all well pled factual allegations as true. <u>U.S. v. Gaubert</u>, 499 U.S. 315 (1991). However, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." <u>Oxford Asset Management, Ltd. v. Jaharis</u>, 297 F.3d 1182, 1188 (11th Cir. 2002) (quoting <u>South Fla. Water Management Dist. v. Montalvo</u>, 84 F.3d 402, 408 n. 10 (11th Cir. 1996) and <u>Fernandez-Montes v. Allied Pilots Ass'n</u>, 987 F.2d 278, 284 (5th Cir.1993)); <u>see also Associated Builders, Inc. v. Alabama Power Co.</u>, 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true." citation omitted); <u>Finklea v. U.S.</u>, 2001 WL 103005, *2 (S.D. Ala. Jan 30, 2001) ("conclusory allegations and unwarranted factual deductions are not accepted as true." citing <u>Assoc. Builders, Inc.</u>).

Motion to Dismiss by Choctaw and Marengo County

## B. Choctaw County and Marengo County

Choctaw and Marengo County move to dismiss all claims against them asserting that they cannot be held liable for the acts of Sheriff Bates and Sheriff Abate because they are executive officers of the State of Alabama rather than the county and Choctaw and Marengo County are not legally responsible for daily operations of the jail. Choctaw and Marengo County also move to dismiss the ADA claim and the Section 504 of the Rehabilitation Act claim because a failure to provide adequate medical treatment does not violate the Acts. Additionally,

Choctaw and Marengo County assert that plaintiff failed to file his claims within the applicable statute of limitations. Though plaintiff was ordered to file his response to the motion by July 15, 2013 (Doc. 17), plaintiff did not file any opposition to Choctaw and Marengo County's motion. Accordingly, all claims asserted by plaintiff against Choctaw and Marengo County are due to be dismissed as abandoned. <u>See</u> <u>Sepulveda v. U.S. Att'y Gen.</u>, 401 F.3d 1226, 1228 n. 2 (11th Cir. 2005) (noting that when a party "fails to offer argument on an issue, that issue is abandoned" citations omitted).

### C. Sheriff Tom Abate & Sheriff Richard Bates

Sheriff Abate and Sheriff Bates each move to dismiss the claims against them on the basis that (1) the statute of limitations has run and (2) they are entitled to qualified immunity.

#### 1. Statute of Limitations

There appears to be no dispute that the applicable statute of limitations in this case is two years.[1] Plaintiff filed this case on April 8, 2013, more than two years after he was arrested, on April 4, 2011. However, plaintiff asserts that defendants' violation of his right to medical treatment was a continuing violation that continued beyond the date of his arrest. According to the complaint, plaintiff was held for four days in the Marengo County jail without proper medical treatment. Plaintiff acknowledges in his brief that there is a factual dispute

---

[1] In § 1983 actions, the statute of limitations is taken from a state's statute of limitation for personal-injury tort actions. <u>Wallace v. Kato</u>, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). In Alabama, that statute of limitations is two years. ALA. CODE § 6-2-38.

regarding when plaintiff was released from jail, but contends that all parties can agree that plaintiff was released no earlier than April 7, 2011. The court notes that April 6-7, 2013 were weekend days. Thus, pursuant to FED. R. CIV. P. 6(a)(1)(C), a deadline falling on either of those days is extended to "the next day that is not a Saturday, Sunday, or legal holiday," which in this case is Monday, April 8, 2013.

Defendant Abates states in his brief that his custody of plaintiff ended on April 6, 2011 when plaintiff was transferred to Marengo County, but Abates' reply points out that the statement in his brief was a typographical error and that plaintiff was actually transferred on April 5, 2011. This date is consistent with the allegation in the complaint that plaintiff was transferred on April 5, 2011. However, the complaint also contends that requests were expressly made to Abates and his staff for medication for plaintiff after plaintiff had been transferred. Abates contends that there is no actionable claim against him after the transfer because he had no duty or authority to provide medical care to plaintiff while plaintiff was incarcerated in the Marengo County jail.

In Alabama, the sheriff is charged with various duties "in his or her county." See ALA. CODE § 36-22-3. The sheriff is specifically given "the legal custody and charge of the jail in his or her county and all prisoners committed thereto, except in cases otherwise provided by law." ALA. CODE § 14-6-1. Thus, after plaintiff was transferred to Marengo County on April 5, 2011, the sheriff of Marengo County, Sheriff Bates, had the legal custody and charge of plaintiff and the jail where he was being held. Once plaintiff was transferred, plaintiff's treatment and care were

no longer charged to Sheriff Abates and his staff by Alabama law. Plaintiff has offered no legal authority for holding Abates, as the sheriff of Choctaw County, responsible for plaintiff's medical care while he was incarcerated in Marengo County. Since Abates had no duty or authority to provide medical care to plaintiff after April 5, 2011, the two-year statute of limitations for claims against Abate expired on April 5, 2013. Accordingly, the court finds that plaintiff's claim against Abates is barred by the statute of limitations.[2]

Plaintiff's claims against Bates, however, are not barred by the statute of limitations because Bates took custody of plaintiff on April 5, 2011 and, according to the complaint, continued to have custody of plaintiff for multiple days. Even if plaintiff was released on the 6th or 7th of April, the weekend days would extend the deadline to Monday, April 8, 2013. As plaintiff filed this lawsuit on April 8, 2013, plaintiff's claims against Bates should not be dismissed on that basis.

## 2. Qualified Immunity

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." Reichle v. Howards, ---U.S. ---, 132 S.Ct. 2088, 2093, 182 L.Ed.2d 985 (2012). As a threshold matter, to receive

---

[2] Even if the court found a constitutional right to medical care from Abates might exist after custody was transferred, the court finds it would not be so "clearly established" that qualified immunity would not apply. See Reichle v. Howards, ---U.S. ---, 132 S.Ct. 2088, 2093, 182 L.Ed.2d 985 (2012). ("courts may grant qualified immunity on the ground that a purported right was not "clearly established" by prior case law, without resolving the often more difficult question whether the purported right exists at all." citation omitted).

qualified immunity, a public official must prove "that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." Brown v. City of Huntsville, Ala., 608 F.3d 724, 734 n. 14 (11th Cir. 2010) (citation and internal quotations omitted).  Plaintiff does not contest that Bates was acting within the scope of his discretionary authority at the time plaintiff was in custody.

Once the defendant has established that he was acting within his discretionary authority, "the burden shifts to [the plaintiff] to establish that the defendants' conduct violated clearly established law." Harbert Int'l v. James, 157 F.3d 1271, 1284 (11th Cir. 1998).  In order to overcome a public official's entitlement to qualified immunity, a plaintiff must be able to establish not only that the public official acted wrongfully, but also that there was "fair warning" that his conduct deprived plaintiff of a constitutional right.  Hope v. Pelzer, 536 U.S. 730, 739-740, 122 S.Ct. 2508, 2515, 153 L.Ed.2d 666 (2002).  "To be clearly established, a right must be sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right. " Id. (citations and internal quotations omitted).  "In other words, existing precedent must have placed the statutory or constitutional question beyond debate." Id. (citation and internal quotations omitted).

> A right may be clearly established for qualified immunity purposes in one of three ways: "(1) case law with indistinguishable facts clearly establishing the constitutional right; (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law."

<u>Maddox v. Stephens</u>, --- F.3d ---, 2013 WL 4437161, 8 (11th Cir. Aug. 21, 2013)

(citing <u>Lewis v. City of West Palm Beach, Fla.</u>, 561 F.3d 1288, 1291-92 (11th Cir.

2009)).

Plaintiff correctly asserts that a prison official's "deliberate indifference" to a

prisoner's serious medical needs constitutes a clearly established constitutional

violation. <u>See</u> <u>Hare v. City of Corinth, Miss.</u>, 74 F.3d 633, 643 (5th Cir. 1996)

(adopting a standard of "deliberate indifference" as the measure of culpability for a

jail officials episodic acts or omissions with regard to a pretrial detainee). The

Eleventh Circuit has set out the necessary proof for a "deliberate indifference" claim

as follows:

> In order to prove deliberate indifference a prisoner must shoulder
> three burdens. First, she must satisfy the objective component by
> showing that she had a serious medical need. <u>Bozeman v. Orum</u>, 422
> F.3d 1265, 1272 (11th Cir.2005) (per curiam). Second, she must satisfy
> the subjective component by showing that the prison official acted with
> deliberate indifference to her serious medical need. <u>Id.</u> Third, as with
> any tort claim, she must show that the injury was caused by the
> defendant's wrongful conduct. <u>See</u> <u>Hale v. Tallapoosa County</u>, 50 F.3d
> 1579, 1582 (11th Cir.1995).

<u>Goebert v. Lee County</u>, 510 F.3d 1312, 1326 (11th Cir. 2007). Plaintiff has alleged

that he had a serious condition, that Sheriff Bates was informed of that condition

and was requested to provide medical care but refused, and that as a result of not

receiving medical care, plaintiff's condition worsened to the extent that surgery and

partial amputation were necessary. Taking all the allegations of the complaint as

true, the court finds that plaintiff has asserted sufficient allegations against Sheriff

Bates to entitle plaintiff to offer evidence to support his claim. The court finds that

plaintiff has sufficiently alleged a clearly established constitutional violation to survive a motion to dismiss the claims against Bates.

## III. MOTION FOR SUMMARY JUDGMENT

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, at 249-250. (internal citations omitted).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson, 477 U.S. at 251-252. The moving party bears the burden of proving

that no genuine issue of material fact exists. <u>O'Ferrell v. United States</u>, 253 F.3d 1257, 1265 (11th Cir. 2001).  In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. <u>Burton v. City of Belle Glade</u>, 178 F.3d 1175, 1187 (11th Cir. 1999).  "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." <u>Miranda v. B&B Cash Grocery Store, Inc.</u>, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing <u>Mercantile Bank & Trust v. Fidelity & Deposit Co.</u>, 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." <u>Howard v. BP Oil Company</u>, 32 F.3d 520, 524 (11th Cir. 1994)(citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986)).  Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment."  <u>See</u> <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e)  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  <u>Walker v. Darby</u>, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).

"[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." <u>Tipton v. Bergrohr GMBH-Siegen</u>, 965 F.2d 994, 998 (11th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

**B. Remaining Claim Against Bates**

The only claim that survived dismissal above is plaintiff's claim against the sheriff of Marengo County, Richard E. Bates, for deliberate indifference as to plaintiff's medical needs. Bates asserts that summary judgment should be granted in his favor because plaintiff was provided medical care and Bates was not deliberately indifferent.

Bates submitted evidence showing the following:

On April 5, 2011, Marengo County Jail staff noted a pre-existing injury to plaintiff's foot that appeared to be a skin ulcer. (Doc. 14-6, ¶ 4). On that date, a photo was taken of the injury, a Consent to Medical Treatment form was prepared and the wound was monitored. (Doc. 14-6, ¶ 4; Doc. 14-2; Doc. 14-3). On April 6, 2011, a decision was made to transport plaintiff to the hospital for treatment and he was admitted at the hospital that day. (Doc. 14-6, ¶ 6; Doc. 14-4). A copy of plaintiff's patient registration form confirms that plaintiff was admitted to the emergency room at Bryan Whitfield Memorial Hospital for treatment of a diabetic foot ulcer on April 6, 2011. (Doc. 14-4). On April 7, 2011, plaintiff appeared before the District Court of Choctaw County, posted bond and was released from custody. (Doc. 14-5, Doc. 14-6, ¶ 6).

Plaintiff did not submit any evidence to dispute the facts supported above, but argues that the evidence submitted by Bates does not settle or eliminate all genuine issues of material fact. Plaintiff further asserts the following:

Plaintiff has not been afforded the opportunity to depose any of the relevant witnesses or defendants to determine the nature of the refusal of care. Any refusal to provide medical care to a pretrial detainee with the known medical conditions articulated in the Complaint could plausibly convince a trier of fact that a constitutional violation occurred.

In this instance, because no discovery has been conducted, it is unclear whether failure to provide medical care to Plaintiff during his detention is the direct result of Defendant Abate's directives or whether that responsibility acceded to Defendant Bates and the Marengo County Sheriff's Department when Plaintiff was transferred. It is clear that Marengo County housed Plaintiff during the time at issue; however, it is unclear whether Marengo County also accepted the financial responsibility that appears to be the source of the refusal to provide medical care to Plaintiff.

In his motion and the accompanying memorandum, Defendant Bates did not specifically addressed (sic) whether he refused to provide the medication or treatment as alleged in the Complaint; therefore, for the purposes of this motion to dismiss this court must accept that allegation as true. Consequently, based on Defendant Bates' omissions, there are sufficient allegations by Plaintiff that compel this court to deny Defendant Bates' motion to dismiss/motion for summary judgment. Genuine issues of material fact exist and Defendant Bates' filing did nothing to establish that he is entitled to judgment as a matter of law at this stage in the proceedings.

(Doc. 21, p. 9).

As a general rule summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery. Reflectone, Inc. v. Farrand Optical Co., Inc., 862 F.2d 841, 843 (11th Cir. 1989) (citation omitted). However, a party does not have an unlimited right to discovery prior to being heard on a motion for summary judgment. Courtney v. Clark, 2007 WL 2806807, *1 (M.D. Ala. Sept. 25, 2007) (quoting Amey, Inc. v. Gulf Abstract &

<u>Title, Inc.</u>, 758 F.2d 1486, 1506 (11th Cir.1985), cert. denied, 475 U.S. 1107 (1986)).

As the Middle District of Alabama has explained:

> Discovery may be disallowed if it is unnecessary to develop the case and unlikely to create a genuine issue of material fact. [<u>Amey, Inc</u>, 758 F/2d at 1506]; <u>see also</u> <u>Patterson v. U.S. Postal Services</u>, 901 F.2d 927, 929 (11th Cir.1990) (per curiam) (stay of discovery appropriate where court had sufficient information and discovery unlikely to produce issues of material fact); <u>Van Arsdele v. Clemo</u>, 825 F.2d 794, 798 (4th Cir.1987) (plaintiff does not have a right to engage in fishing expedition); <u>Taylor v. Gallagher</u>, 737 F.2d 134, 137 (1st Cir.1984) ("A court may grant summary judgment despite an opposing party's claim that discovery would yield additional facts where the opposing party has not alleged specific facts that could be developed through discovery").

<u>Courtney</u>, 2007 WL 2806807 at *1. The Rules specifically allow for summary judgment motions to be filed before discovery is commenced. Rule 56(b) states that unless local rule or court order sets a different time, "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." FED. R. CIV. P. 56(b). The Rules further state that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

FED. R. CIV. P. 56(d). In the instant case, plaintiff has not presented any affidavit or declaration, but has argued that discovery is necessary to determine whether the alleged failure to provide medical care is the result of defendant Abate's directives or whether Bates was responsible. What plaintiff reports is factually unclear at this

point is whether Marengo County accepted the financial responsibility to provide medical care to plaintiff. However, the issue before the court in this case is not which defendant was financially responsible. The parties are not arguing over who must pay plaintiff's medical bills, but rather whether they were responsible for ensuring that he received proper medical care. Bates does not argue in his motion that he was not responsible for providing care to plaintiff for any serious medical needs while plaintiff was in Bates' custody. The court will presume for the purpose of this summary judgment analysis that Bates was in fact responsible for providing medical care to treat any serious medical needs plaintiff suffered during his custody at the Marengo County Jail.

Plaintiff complains that he has not had the opportunity to depose any of the relevant witnesses or defendants to determine the nature of the refusal of care. However, plaintiff was free to submit his own affidavit denying the facts as presented by defendant and/or asserting any specific medical care he needed or had requested that had been denied during his detention. Plaintiff submitted no evidence or even argument that refutes or contradicts the facts supported by defendant Bates. Although on summary judgment the plaintiff cannot merely rely on the allegations of his complaint, the court notes that plaintiff's complaint makes only a general claim that he required consistent and continual treatment for infections and diabetes. The complaint does not make any specific claims that insulin, antibiotics or other medicine was requested or needed but had been refused. The complaint also does not specify that plaintiff suffered a low or high blood sugar

episode or any other specific medical occurrence during his detainment. These general allegations are not sufficient to support a claim for deliberate indifference to medical needs. See Guilbeault v. Haynes, 2012 WL 6051559 (S.D. Ga. Nov. 13, 2012) (finding that plaintiff's claim that he had been denied orthopedic shoes, had not been seen by a podiatrist and more generally that he had been denied proper care for his diabetes did not state a claim for deliberate indifference because they did not allege facts tending to show that a prison official had been negligent). Plaintiff has not asserted that he for some reason cannot remember or does not have the capacity to understand what occurred during his detention such that he must rely solely on witness accounts to piece together what happened. Plaintiff filed this case asserting that he had been denied proper medical care, but now has failed to explain or aver what was inadequate about the care that was provided. Because plaintiff should have knowledge of such facts himself, the court does not find it necessary to delay the motion for summary judgment until after discovery.

As previously mentioned with regard to defendants' motions to dismiss, to maintain a deliberate indifference claim against defendant plaintiff must show that 1) he had a serious medical need, 2) the prison official acted with deliberate indifference to his serious medical need; and 3) he was injured as a result. Goebert, 510 F.3d at 1326 (citations omitted). The court will presume that plaintiff had a serious medical condition when he was taken into custody, however, the evidence does not indicate that Bates acted with deliberate indifference.

> To prove 'deliberate indifference' to a serious medical need, a plaintiff must show (1) subjective knowledge of a risk of serious harm; (2)

16

disregard of that risk; (3) by conduct that is more than gross negligence.

Jackson v. Capraun, 2013 WL 4106360, *3 (11th Cir. Aug. 15, 2013) (quoting

Youmans v. Gagnon, 626 F.3d 557, 563 (11th Cir. 2010)).  "Mere negligence in

diagnosing or treating a medical condition does not state a valid claim of medical

mistreatment." Bishop v. Pickens County Jail, 2013 WL 2376753, *1 (11th Cir. May

31, 2013) (citation and internal quotation omitted).  "A serious medical need is one

that has been diagnosed by a physician as mandating treatment or one that is so

obvious that even a lay person would easily recognize the necessity for a doctor's

attention." Youmans, 626 F.3d at 563-564 (citation and internal quotations

omitted).

> The best response to a serious medical need is not required by federal law in these cases. Judicial decisions addressing deliberate indifference to a serious medical need, like decisions in the Fourth Amendment search-and-seizure realm, are very fact specific. At a high level of generality, certain aspects of the law have been established: lengthy delays are often inexcusable, see Harris v. Coweta Cnty., 21 F.3d 388, 394 (11th Cir.1994) (stating delay of several weeks in treating painful and worsening hand condition was deliberate indifference); shorter delays may also constitute a constitutional violation if injuries are sufficiently serious, see Bozeman[v. Orum, 422 F.3d 1265, 1272, 1273 (11th Cir. 2005)] (delaying medical treatment for fourteen minutes was deliberate indifference where the plaintiff was not breathing during that time); and the reason for the delay must weigh in the inquiry, see id. But specific cases of deliberate indifference are complicated: the threshold of deliberate indifference is connected to combinations of diverse interdependent factual elements.

Youmans, 626 F.3d at 564 (finding a 4 hour delay was not deliberate indifference

where injuries sustained during his arrest consisted of visible abrasions on his

head, face shoulder, elbow and hand).  To be deliberately indifferent, the response

made by public officials to the need must be "poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." Harris v. Leder, 2013 WL 2278024, *5 (11th Cir. May 24, 2013) (quoting Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000)). "[M]edical treatment violates the Eighth or Fourteenth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Bruce v. Gregory, 2012 WL 5907058, *5 (M.D. Fla. Nov. 26, 2012) (internal quotations omitted) (quoting Faison v. Rosado, 129 Fed. App'x. 490, 491 (11th Cir. 2005)).

In the instant case, the evidence shows that Bates and his staff took note of plaintiff's foot ulcer when they took custody of him and that they monitored the wound. Plaintiff alleges that Bates was aware of his condition, and Bates does not deny that he was aware of the foot ulcer. However, deliberate indifference requires "not merely the knowledge of a condition, but the knowledge of necessary treatment coupled with a refusal to treat properly or a delay in such treatment." Howell v. Evans, 922 F.2d 712, 721 (11th Cir. 1991) (citing Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The day after he arrived, plaintiff was transported to the hospital where he could receive whatever medical care he needed. There is no allegation or indication that the hospital where he was taken was not the proper place for plaintiff to be treated; nor is there any indication that plaintiff received anything less than the best treatment available at the hospital.

Bates points out that in <u>Dugger v. Coastal State Prison</u>, 2008 WL 766846

(S.D. Ga. Mar. 24, 2008), the Southern District of Georgia held that prison guards

who lack medical training could not be presumed aware of the circulatory problems

encountered by diabetics and the need for urgent attention to a diabetic foot ulcer.

In <u>Dugger</u>, upon arrival to the prison on November 21, 2006, the plaintiff alerted

officers that he had an open diabetic ulcer on the bottom of his foot and he

requested shower shoes or other protection. <u>Id.</u> at *1. After intake, the prison's

medical staff refused to clean and dress the foot or to provide him with supplies to

do so himself. <u>Id.</u> The plaintiff was seen by a doctor on December 10, 2006, who

noticed the ulcer had started to "tunnel" but took no action to provide him with

proper footwear or to treat the ulcer. <u>Id.</u> On December 18, 2006, the plaintiff finally

saw a second doctor who properly diagnosed and treated the ulcer, which by then

had become badly infected and had to be amputated and resulted in further

injuries. <u>Id.</u> The court found that plaintiff had stated a claim against the first

doctor and the medical staff as they were presumably aware of the circulatory

problems encountered by diabetics and the need for urgent attention to his foot

ulcer. <u>Id.</u> at *2. However, the court found that the plaintiff's allegations were

insufficient to state a claim against the officers, because the alleged facts did not

indicate that "these non-medically trained officers necessarily recognized that a sore

or lesion on his foot required immediate medical intervention. <u>Id.</u> (citing <u>Hill v.

DeKalb Reg'l Youth Det. Ctr.</u>, 40 F.3d 1176, 1187 (11th Cir.1994), overruled on

other grounds by <u>Hope v. Pelzer</u>, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666

(2002) (a serious medical need is "one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention")). The court concluded that the claims against the officers should be dismissed as frivolous, malicious, or legally insufficient under 28 U.S.C. § 1915. Id. at *2.

In the instant case, plaintiff received much quicker attention and treatment to his diabetic ulcer than the plaintiff in Dugger received. Plaintiff was transported to the hospital the day after he was taken into custody. There is no allegation that any medical personnel misdiagnosed or mistreated plaintiff's injury and there is no allegation that Bates had any medical training or knowledge that made him aware that plaintiff's foot ulcer needed immediate treatment. After reviewing the complaint and the evidence presented, the court finds that plaintiff has not shown that Bates was deliberately indifferent to his serious medical needs and therefore, that plaintiff has not shown that Bates' conduct violated clearly established law. Accordingly, Bates is entitled to qualified immunity and summary judgment is due to be granted in Bates favor on that basis.

## CONCLUSION

For the reasons stated above, the motion of defendants Choctaw County and Marengo County to dismiss (Doc. 8), is **GRANTED**; the motion of defendant Tom Abate to dismiss (Doc. 10), is **GRANTED** and the motion to dismiss or in the alternative for summary judgment filed by defendant Richard E. Bates (Doc. 12), is

**GRANTED** to the extent that **summary judgment is hereby granted in favor of Richard E. Bates.**

**DONE** and **ORDERED** this 26th  day of September, 2013.

_____/s/ Callie V. S. Granade_____
**UNITED STATES DISTRICT JUDGE**